IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN RAY CHEEK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-737-O |
| | § | |
| UNITED STATES OF AMERICA, et al. | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se Plaintiff John Ray Cheek's ("Cheek") claims under the screening provisions of 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Having reviewed and screened the claims as asserted in the complaint and more definite statement, the Court concludes that Cheek's claims must be dismissed under authority of these provisions.

**I.   BACKGROUND**

Plaintiff Cheek initiated this suit by filing a typed civil complaint with attachment pages. Complaint, ECF No. 1. His complaint arises from an event that took place while he was housed in FMC-Fort Worth on October 31, 2018. *Id.* at 4. Cheek contends that he needed to have a bowel movement while he was waiting in a commissary line, but that he was then prevented from getting to a bathroom in his "Dallas" unit because the door to that unit was locked and a corrections officer (Green) would not open the door. *Id.* at 4. Cheek alleges another officer (Yutzy) had closed the compound, also preventing him from returning to his own unit to access a bathroom. *Id.* Cheek alleges he then realized that the "Safety Department" was nearby, and he rushed to that wing to attempt to access a bathroom. *Id.* There, he confronted another officer

(Greger) to whom he directly asked to use a bathroom, claiming he said: "I have to take a dump! I can't hold it anymore, it hurts! The CO wouldn't let me in the unit, I've been waiting at the commissary!" *Id.* at 5. Cheek informs that Greger refused to let him use the bathroom, but Cheek said he went ahead and used the bathroom, saying to Greger: "Fuck you man! I'm shitting." *Id.* While he was in the bathroom for several minutes, Cheek contends that Officer Yutzy directed him to come out of the bathroom, but he refused to come out for approximately 5 minutes. *Id.* at 6. Once he finished and left the bathroom, he was immediately escorted by Officer Yutzy to a Lieutenant's office. *Id.* at 6.

Once at Lieutenant Rivas's office, Cheek was given a disciplinary charge for the prohibited act of "threatening another with bodily harm." *Id.* at 6; Incident Report at 24, ECF No. 1. He recites that Lieutenant Rivas yelled at him, and that he responded to her, such that they had an argument. *Id.* at 7. Cheek reports that Lieutenant Rivas then instructed Officers Yutzy and Greger to "throw his black ass in the hole [and] give him a strip search first." *Id.* at 7. The officers did so, and then they, accompanied by Officer Morales, escorted Cheek "to the shoe" ("Special Housing Unit" or "SHU"). Cheek complains that all of the conduct of the officers was in violation of the 8th Amendment. *Id.*

As noted above, Cheek was subjected to a disciplinary proceeding arising from the events made the basis of the complaint. *Id.* at 11; Disciplinary Hearing Officer Report at 25-26, ECF No. 1. The incident report, charging Cheek with "threatening another with bodily harm," included the following description of the incident:

> On the above date and time (10-31-2018: 8:30 am), Inmate Cheek, John R. Reg. No. 42969-177, entered the Environmental and Safety Compliance Department while I was conducting the morning census count. I halted inmate Cheek and asked him what he was doing in the Safety Department. Inmate cheek responded, "They locked me out and I need to take a shit." I explained to inmate Cheek that I was conducting a census count and he was not authorized to be in that area.

> Inmate Cheek raised his voice in a threatening manner, began arguing and waving his arms saying "What do you want me to do? I gotta take a shit." After several seconds of Inmate Cheek arguing with a raised voice, I ordered Inmate Cheek to leave the Safety Department. Inmate cheek refused to comply. I repeatedly ordered inmate Cheek to leave the department. He refused to comply. He said, "Fuck You Man I'm takin' a shit." He then entered one of the Safety Department inmate restrooms. The Operations Lieutenant was notified. The Compound Officer and I escorted Inmate Cheek to the Lieutenant's office. During our walk to the Lieutenant's office, Inmate Cheek continued speaking with a raised and tense voice. At one point, Inmate Cheek made the threatening remark," Turn off your radios, put them down, let's go." Inmate Cheek was visually searched and escorted to the Special Housing Unit.

Complaint (Incident Report) 24, ECF No. 1. At the disciplinary hearing, the Disciplinary Hearing Officer gave the following report of the evidence and his findings:

> Your due process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights and had no documentary evidence to present. You requested Guerrero, Adrian, Reg. No. 47459-177 as a witness and you requested R. Williams, Lieutenant as a staff representative to assist you at the hearing. You indicated to the DHO you were ready to proceed with the hearing.
>
> The DHO finds on October 31, 2018, you committed the prohibited act of Insolence Towards a Staff Member. The charge for Code 299 Most Like 203, Conduct Which Disrupts or Interferes with the Orderly Running of the Institution Most Like Threatening Another with Bodily Harm, has been dismissed . . . .
>
> During the DHO hearing, you denied the charge and elected to make a statement. You stated," When I first walked into safety, I wasn't yelling. I just said just drop the mic to Ms. Rivas. I didn't say anything threatening." The DHO considered your denial statement to the charge.
>
> After deliberation, the DHO concluded that Inmate Cheek committed the prohibited act of insolence towards a staff member. The decision to find inmate Cheek guilty was based on the staff member's written statement. When Inmate Cheek made the statements to the reporting officer, Inmate Cheek was considered in violation of insolence. Greater weight was given to the statements made by the staff member rather than Inmate Cheek's denial. Insolence whether gestured or verbalized is often viewed as an attempt to discredit the employee's authority and hampers the staff member's ability to control his/her area of responsibility.

> Therefore, based on the greater weight of the evidence, the DHO does find Inmate Cheek committed the prohibited act of insolence towards a staff member and he was appropriately sanctioned at the moderate severity level.

Complaint (Disciplinary Hearing Officer Report) 26, ECF No. 1. The DHO imposed sanctions of a disallowance of 14 days of good conduct time, disciplinary segregation of 5 days, and a 60-day loss of commissary privileges. *Id.*

Cheek complains that his rights under the Fifth and Sixth Amendments were violated when he sought to pursue his administrative remedies. Complaint 11, ECF No. 1. In addition to Cheek's repeated reference to violations of the Eighth Amendment, he also asserts a due process claim under the Eighth Amendment. *Id* at 12. Plaintiff's only theory of recovery listed in the complaint was a claim against the United States of America under the "Federal Tort Claims Act" ("FTCA") pursuant to 28 U.S.C. § 1346(b) for cruel and unusual punishment, and inhumane treatment, which rose to the level of deprivations of minimal civilized measure of life's necessities, which if provided, satisfies the violation of plaintiff's 8th amendment of the United States Constitution . . .." *Id.* at 1-2. In the complaint, Cheek seeks a declaratory judgment, compensatory and punitive damages, and costs of suit:

> Mr. Cheek's civil rights were violated, he was unjustly disciplined, just for having to use the restroom. He suffered abusive language and treatment from the defendant. Therefore, he is now sueing [sic] the United States of America. [An] Award of compensatory damages is mandatory once liability is found. ($10,000) Ten thousand dollars is the request.

*Id.* at 13.

After a review of the complaint, the Court directed Cheek to file a more definite statement. Order, ECF No. 11. Because Cheek had included in his complaint a lengthy statement of facts regarding the actions of four different individuals, the Court directed Cheek to answer

4

whether he sought to pursue his claim only against the United States, and to answer whether he wished to name any of these persons as additional defendants. Order 2, ECF No. 11. Cheek's more definite statement provided the following answer:

> A. Plaintiff intends to make all claims against the United States.
>
> B. Despite Plaintiff only making all claims against the United States, Mr. Cheek is willing to go into depth about allegations against any Government official named (involved) within the Complaint. However, Plaintiff expects the court to realize that fact. Therefore, the court shall not construe Mr. Cheek's complaint as *Bivens*.

MDS 1, ECF No. 13. In the more definite statement, Cheek also clarified that he sought compensatory damages for the penalties imposed in the disciplinary proceeding: "Plaintiff was thrown in the SHU for 21 days. Lost 14 days of good conduct days. And was banned from commissary for 60 days. I was deprived of life, liberty, and property without due process of law. I also suffered severe pain. Therefore, compensatory damages should be recovered." Id. at 10. 3.

## II.     LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Cheek is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a) (West 2019). Because Cheek is proceeding in forma pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b)(West 2019).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not suffice to state a claim upon which relief may be granted. *Id.*

### III. ANALYSIS

#### A. Constitutional claims are not authorized under the FTCA

The United States is immune from suit except as it waives its sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Subject to certain exceptions, the FTCA waives the United States's sovereign immunity and permits a person injured by a government employee acting within the scope of his employment to seek tort damages against the United States. *See* 28 U.S.C. §§ 2674 & 1346(b). As noted above, Cheek seeks relief against the United States under the FTCA, in part, for alleged violations of his constitutional rights under the Fifth, Sixth, and Eighth Amendments. Complaint 1-2, 11-12, ECF No. 1; MDS 2, 5, 6, 8, 10, ECF No. 13. But to the extent that Cheek seeks recovery under the FTCA on the basis that his constitutional rights have been violated, those claims must be dismissed because the FTCA does not waive federal sovereign immunity for constitutional torts. *Sampson v. United States*, 73 F. App'x 48, 49 (5th

Cir. 2003). In order for a claim to be actionable under the FTCA, it must allege that the "United States, if a private person, would be liable to the claimant" under the state law in the location where the act occurred. 28 U.S.C. § 1346(b)(1). Thus, state law provides the source of substantive liability under the FTCA. *See Edwards v. United States*, 519 F.2d 1137, 1139 (5th Cir. 1975) ("State law controls the issue of liability under the [FTCA].")

Federal law, however, provides the source of liability for a claim alleging deprivation of a federal constitutional right, so a constitutional tort claim cannot include an allegation as required by 28 U.S.C. § 1346(b)(1). *See Meyer*, 510 U.S. at 477-78. Thus, "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *Meyer*, 510 U.S. at 478; *see also Spotts v. United States*, 613 F.3d 559, 569 n.7 (5th Cir. 2010) (explaining that claims for constitutional tort violations "are not actionable under the FTCA"). Thus, Cheek cannot bring an FTCA claim for a violation of his constitutional rights. Cheek's constitutional claims under the FTCA must be dismissed.

### B.     *Bivens* claims expressly disclaimed by plaintiff Cheek

The Supreme Court recognized an individual's right to seek recovery for violation of constitutional rights from a person acting under color of federal law in *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics* (*"Bivens"*), 403 U.S. 388 (1971). *Bivens* is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds*, *Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n.36 (5th Cir. 2003). To assert a claim for damages for violation of federal constitutional rights under *Bivens,* a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or

laws of the United States (2) by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of § 1983 action); *Evans*, 168 F.3d at 863 n.10.

Cheek seeks recovery in this case under the FTCA against the United States. Although the Court, in the Order Directing Plaintiff to File a More Definite Statement, invited Cheek to clarify whether he sought to seek recovery for violations of his constitutional rights against individual government officials, Cheek expressly instructed that this Court "shall not construe Mr. Cheek's complaint as *Bivens*." MDS 1, ECF No. 13; Order re MDS 2, ECF No. 11. Thus, to the extent Cheek recites in his complaint and more definite statement that the actions of four individuals (Officers Green, Greger, Yutzy, and Lieutenant Rivas) were taken in violation of his rights under the Fifth, Sixth, or Eighth Amendments, all such claims must be dismissed as expressly not sought by plaintiff Cheek.

Furthermore, although it does not appear that Cheek sought relief against these four persons listed in his complaint and more definite statement in an official capacity, even if so, such claims are also not viable. Official-capacity claims for money damages based upon allegations of constitutional violations are barred because they are considered suits against the United States, which as noted above, has not waived its sovereign immunity for such claims. *See Kentucky v. Graham,* 473 U.S. 159, 165-67 (1985). Thus, a civil action cannot be maintained "against the United States, the BOP, or BOP officers in their official capacities because such a claim is barred by the doctrine of sovereign immunity." *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 2004 WL 3019779 at *1 (5th Cir. 2004) (citing *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) and *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Consequently, any claim by Cheek against the individual officers and Lieutenant Rivas in their official capacities must also be dismissed.

    **C.**    **Failure to State a Claim Upon Which Relief may be Granted as to Remaining Claim under *Heck v. Humphrey***

The Court concludes that the remainder of Cheek's claims are not cognizable in this suit under the FTCA. Cheek seeks monetary damages as a result of being assigned to the SHU, lost good time credit, and being subjected to commissary restrictions for 60 days. MDS 10, ECF No. 13. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment under 42 U.S.C. § 1983[1] is not cognizable and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The Supreme Court has extended *Heck* to prison disciplinary proceedings, concluding that claims for declaratory relief or monetary damages that necessarily imply the invalidity of a disciplinary punishment are not cognizable in a 42 U.S.C. § 1983 proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998) (recognizing that a "conviction" for purposes of the application of *Heck* includes a disciplinary case that results in the loss of good time credit).

The *Heck* analysis also applies to FTCA actions that imply the invalidity of a disciplinary conviction. *Turnbaugh v. United States*, No.3:17-cv-334-L (BH), 2019 WL 3804978, at *4 (N.D. Tex. July 2, 2019), *report and recommendation adopted*, 2019 WL 3803656 (N.D. Tex. Aug. 13, 2019) (citing *McLeod v. United States*, Nos. 6:05-cv-255, 6:05-cv-275, 2006 WL 8440427, at *2 (N.D. Tex. Mar. 30, 2016) (internal citation omitted)); *see also Ruiz v. United States*, 664 F. App'x 130, 134 (3rd Cir. Oct. 20, 2016) (recognizing that FTCA claim that would result in a finding that good conduct time had been improperly deducted "would raise the same problems that led the Supreme Court to hold in *Heck* and *Edwards* that no constitutional civil rights cause

9

of action accrued); *Hinton v United States*, 91 F. App'x 491, 492 (6th Cir. Mar. 17, 2004) ("[P]laintiff's claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor would imply the invalidity of plaintiff's prison disciplinary conviction") (citing *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995)). Cheek's claim under the FTCA arises from the events leading to his disciplinary charge and conviction. His request for monetary damages under the FTCA, and his request to have this Court reconsider the basis and validity of the actions of the officials involved with the investigation, charge, and disciplinary proceeding, if successful, would necessarily imply the invalidity of the disciplinary conviction. Thus, such claims are not cognizable in this case under the FTCA unless Cheek has satisfied the conditions set by *Heck*. Cheek has not shown that he has obtained any such order to set aside the disciplinary punishment.

Thus, Cheek's remaining claims under the FTCA against the United States are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## IV. CONCLUSION and ORDER

It is therefore **ORDERED** that all plaintiff John Ray Cheek's claims for violations of constitutional rights against the United States, or claims which could be asserted against Officers Green, Greger, Yutzy and Lieutenant Rivas, are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and, alternatively, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further **ORDERED** that all Cheek's remaining claims under the FTCA are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck v. Humphrey*

---

[1] *See generally Stephenson v. Reno,* 28 F.3d 26, 27-28 (5th Cir.1994) (holding that a federal prisoner's *Bivens* action is subject to the rule enunciated in *Heck*).

conditions are met, under 28 U.S.C. §§ 1915A(b)(1) and, alternatively, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **21st day** of **October, 2020.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE